UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEREL POH, )<br>    <u>Plaintiff</u> )<br> )<br>V. )<br> )<br>MASSACHUSETTS CORRECTION )<br>OFFICERS FEDERATED UNION and )<br>PAUL BOUDREAU, )<br>    <u>Defendants</u> )<br> ) | C.A. No. 03-CV-11987-RWZ |

DEFENDANT/PLAINTIFF IN THE CROSS-CLAIM PAUL BOUDREAU'S
MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT

## **STATEMENT OF THE CASE**

Plaintiff Jerel M. Poh filed the instant action on or about October 9, 2003 against Defendants Paul Boudreau and the Massachusetts Correction Officers Federated Union (hereinafter "MCOFU"), alleging, *inter alia*, claims of violations of his state and federal civil rights, retaliation and breach of contract arising from Boudreau's filing of judicial charges against him and MCOFU's subsequent expulsion of him from the Union. <u>*See Complaint*</u>, <u>*generally*</u>. In his Complaint, Poh alleged that Boudreau "at times material to [the Complaint] was an officer of MCOFU, holding the position of Secretary on the MCOFU Executive Board" and that Boudreau, as Secretary of the MCOFU Executive Board, had filed the judicial charges against him. <u>*Complaint*</u>, ¶¶ 5, 64. Pursuant to the past practice of the Executive Board as well as a unanimous vote taken by the Board on February 27, 2001 calling for MCOFU to provide full legal representation and

indemnification to former or present Executive Board members sued for actions taken in the course of their official duties as Executive Board members, Boudreau requested MCOFU provide him with legal representation in this matter as well as the related case of *Raymond Perry v. MCOFU*, filed with the Massachusetts Commission Against Discrimination. When MCOFU refused to provide such a defense, Boudreau filed his cross-claim in the instant matter seeking a declaratory judgment that MCOFU pay for his legal representation as well as compensate him for his consequential damages and reasonable attorneys fees.[1]

## **STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. (56); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Conward v.Cambridge School Committee*, 171 F.3d 12, 18 (1st Cir.1999) ("[The summary judgment] rule acts as a firewall to contain the blaze of cases that are so lacking in either factual foundation or legal merit that trial would be a useless exercise."). "The moving party is entitled to judgment as a matter of law if the nonmoving party does not adduce enough evidence to permit a reasonable trier of fact to find for the nonmoving party on any element essential to its claim." *Milton v. Van Dorn Co.*, 961 F.2d 965, 969 (1992). In making this determination, the Court must "scrutinize the summary judgment record in the light most congenial to the [nonmoving party and] indulge all reasonable inferences in that party's favor." *Vasapolli v. Rostof*, 39 F.3d 27, 32 (1st Cir.1994). Once the moving party has

---

[1] At the time he brought his cross-claim, Boudreau also sought indemnification from MCOFU in the event any damages were entered against him in the underlying Complaint. *See Boudreau's Cross-claim*, ¶¶ 11-12. Where several of Plaintiff's claims were defeated by summary judgment, and the remaining claims voluntarily dismissed by Plaintiff, Boudreau dismisses Count II of his cross-claim for indemnification as being moot.

2

met this burden, the burden then shifts to the non-moving party to present "specific facts" to show that there is a genuine issue for trial. <u>Celotex</u>, 477 U.S. at 324 (citing Fed.R.Civ.P. 56(e)). In order to do so, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Summary judgment is then appropriate only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." <u>Id.</u> at 587.

## ARGUMENT

**I.** **<u>Boudreau Is Entitled to Summary Judgment on His Breach of Contract Claim Where the Undisputed Material Facts Show that MCOFU Was Obligated to Provide Him with Full Legal Representation.</u>**

In Count I of his Cross-claim, Boudreau has alleged that MCOFU's actions in refusing to provide him with a legal defense constituted a breach of contract. It is clear from the undisputed material facts in this case that MCOFU failed to adhere to its contractual obligations under its Constitution and By-Laws when it denied Boudreau's request for legal representation.

It is well-settled that once an individual becomes a member of a union, he or she enters into a contractual relationship with the union body whereby both parties must adhere to their respective obligations as defined and governed by the union's constitution and bylaws. <u>Switzer v. Labor Relations Com'n</u>, 36 Mass.App.Ct. 565, 567 (1994); <u>see also</u> <u>Sullivan v. Barrows</u>, 303 Mass. 197, 201 (1939). Per Article II of MCOFU's By-Laws, MCOFU's Executive Board is granted with the authority to decide "all matters affecting the policies, aims and means of accomplishing the purposes of the Union not specifically provided for in the Constitution and By-Laws or by action of the

3

membership." *Statement of Facts (hereinafter "SOF"), ¶ 5; Constitution and By-Laws, Article II of By-Laws*. In the instant case, MCOFU's Constitution and By-Laws are silent as to the issue of whether MCOFU must provide legal representation to its Executive Board members. There is also no evidence that the general membership took any action so as to adopt such a policy. As such, the inquiry then turns to whether the Executive Board, acting as the Union's agent and pursuant to its powers as defined in Article II of its By-Laws, made any decision relative to the legal representation and indemnification of its Executive Board members. As the undisputed evidence clearly demonstrates, such an inquiry can only be answered in the affirmative where, on February 27, 2001, the Executive Board, by a unanimous vote, decided on the behalf of MCOFU to provide a legal defense and indemnification to its former and present Executive Board members sued for actions taken in the course of their duties as Union officials. *SOF,* ¶ 6. Moreover, there can be no questioning of the Executive Board's intent where, at the April 18, 2001 meeting of the Board, it unanimously ratified the minutes from the February 27th meeting. *SOF*, ¶ 7.

It is also clear from the undisputed facts that Boudreau met the criteria set by the Executive Board relative to circumstance where MCOFU would provide legal representation. For one, Boudreau had been the Executive Secretary of the Executive Board at the time he brought the judicial charges against fellow MCOFU members Poh and Perry. *SOF*, ¶¶ 2-4, 8-10, 12. Moreover, it is indisputable that Boudreau was acting in his official capacity as the Executive Secretary when he took such action as evidenced by then-MCOFU Vice President Jack Farrell, who, when officially informing both Poh and Perry that judicial charges had been filed against them, stated unequivocally that

4

"charges have been filed against you by Executive Board member Paul Boudreau." *SOF*, ¶¶ 8-9.

Even assuming, *arguendo*, that MCOFU were to state that it is not obligated to abide by the February 27, 2001 vote of the Executive Board because the Board was somehow not authorized to act on behalf of the Union in that circumstance, such an argument should be dismissed readily. The practice of MCOFU in providing legal representation to its former and present Executive Board members – as well as either those who were not Union officials, eg. William Perron in the *Poh v. Bissonnette* matter, ¶¶ 18-19, or those who clearly acted outside the scope of their duties as Union officials, eg. William Perron in the criminal matter concerning his damaging Sheriff Hodgson's vehicle, ¶ 20, renders such an argument wholly without merit.

Accordingly, where the undisputed material facts clearly establish that the Executive Board intended and was authorized to bind MCOFU to provide its Executive Board members with legal representation, that it has been the practice of MCOFU to do so even prior to the February 27, 2001 Executive Board vote, that Boudreau was sued for actions he took in his capacity as the Executive Secretary of the Executive Board, and that MCOFU failed to adhere to its contractual obligations and provide Boudreau with a legal defense, summary judgment should enter for Boudreau on Count I of his cross-claim alleging breach of contract.

**II.** **Boudreau Is Entitled to Summary Judgment on Count III Alleging Breach of Duty of Fair Representation Where *Plaintiff's State Civil Rights Claims Where Plaintiff Cannot Prove a Constitutional Violation Occurred*.**

The tort of breach of the duty of fair representation "arises out of a union's duty fairly to represent employees in the bargaining unit regarding collective bargaining with

the employer and in the enforcement of the resulting collective bargaining agreement. *Switzer v. Labor Relations Com'n.*, *supra* at 567, citing *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). A cause of action for breach of the duty of fair representation, recognized and codified by statute in Massachusetts, *see* M.G.L. c. 150E, § 5, will lie in instances where "a union's actions toward an employee are 'arbitrary, discriminatory, or in bad faith.'" *Id.* (citations omitted). Moreover, the statute imposes the obligation upon unions to represent all of its members "without discrimination and without regard to employee membership." *Id.*, citing *Pattison v. Labor Relations Commn.*, 30 Mass.App.Ct. 9, 15 n. 9 (1991) and M.G.L. c. 150E, § 5.

In the instant matter, and as discussed in greater detail, *supra*, the undisputed evidence clearly shows that MCOFU had a policy in place by which it would provide a legal defense and indemnification for its Executive Board members and that the Union rejected Boudreau's request for same. Where MCOFU denied Boudreau representation to which he was clearly entitled and which other similarly situated Executive Board members – *as well as clearly unqualified* members *and/or non-Executive Board members* - had received, MCOFU's actions can hardly be deemed anything but arbitrary, discriminatory or having been made in bad faith.

It is worthy of noting that at the time Boudreau had requested legal representation in the *Poh* and *Perry* matters, Boudreau had a suit pending against MCOFU for expelling him from the Union and taking such action in contravention of the terms of its own Constitution and By-Laws. *SOF*, ¶ 11. That matter, *Boudreau v. Peron, et al.*, Norfolk Superior Court C.A. No. 2002-01666, involved issues completely unrelated to the allegations contained in either the *Poh* or *Perry* cases. *SOF*, ¶ 11. Moreover, and as

6

evidenced by MCOFU's response to Boudreau's request for legal representation in the instant matter, MCOFU conditioned their representation of him on Boudreau's dismissal of his suit against the Union to which Boudreau succinctly replied in the negative. *SOF*, ¶¶ 13-15. MCOFU's withholding of representation unless Boudreau agreed to relinquish his legal rights on a wholly unrelated matter, clearly demonstrates MCOFU's arbitrary, discriminatory and bad faith intent in failing to represent its member fairly.

As such, where MCOFU will be unable to present any credible evidence that it did not breach its duty to fairly represent Boudreau, summary judgment for Boudreau is appropriate on Count III of his cross-claim.

## **CONCLUSION**

Therefore, where, as a matter of law, the undisputed material facts clearly show that MCOFU breached its contract with Boudreau as well as its duty of fair representation, Boudreau respectfully requests summary judgment be awarded as to Counts I and III of his cross-claim. Boudreau further requests this Honorable Court issue a declaratory judgment that MCOFU did in fact commit said breaches and order MCOFU to pay Boudreau's attorneys fees and expenses associated with not only his defense in the underlying action and *Perry v. MCOFU*, but also those stemming from his having to bring the instant cross-claim.[2]

---

[2] Boudreau's attorneys fees and expenses through April 30, 2007 total $28, 358.21. This figure does not include fees and expenses from May 1st through the present which are additional consequential damages as a result of MCOFU's failure to provide Boudreau with legal representation. Boudreau reserves his right to supplement this figure once the May 2007 totals become available.

7

Respectfully submitted,
For Defendant/Plaintiff in the Cross-claim
Paul Boudreau,
By his attorneys,

RAFANELLI & KITTREDGE, P.C.


 /s/ Joseph P. Kittredge
Joseph P. Kittredge, BBO #548841
Suzanne T. Caravaggio, BBO #634175
One Keefe Road
Acton, MA 01720-5517
(978) 369-6001

## CERTIFICATE OF SERVICE

I hereby certify that on this date this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as of June 1, 2007.

Date: 06/01/07  /s/ Joseph P. Kittredge
Joseph P. Kittredge