UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 03-CV-11987-RWZ

JEREL M. POH,
    Plaintiff,

v.

MASSACHUSETTS CORRECTION
OFFICERS UNION and PAUL BOUDREAU,
    Defendants.

**DEFENDANT MASSACHUSETTS CORRECTION
OFFICERS FEDERATED UNION'S MEMORANDUM OF LAW
IN SUPPORT OF OPPOSITION TO DEFENDANT/PLAINTIFF IN CROSS-CLAIM
PAUL BOUDREAU'S MOTION FOR SUMMARY JUDGMENT
AND CROSS MOTION FOR SUMMARY JUDGMENT**

**I.    STATEMENT OF THE CASE**

This action came before the Court when the plaintiff filed an action against Boudreau and MCOFU for violations of state and federal civil rights, retaliation and breach of contract stemming from Boudreau's filing of judicial charges against plaintiff and MCOFU's subsequent expulsion of Poh from MCOFU.  *(See Complaint generally.)*

Boudreau filed his answer to plaintiff's Complaint and with it, a cross-claim against MCOFU for "declaratory judgment pursuant to M.G.L. c. 231A §§ 1 and 2." (Boudreau Answer and Cross-Claim).  Boudreau alleged a breach of contract between MCOFU and Boudreau (Cross-Claim, Count I, ¶¶ 9-10); indemnification (Id., Count II, ¶¶ 11-12); [1] and breach of fair representation (Id., Count III, ¶¶ 13-14).  MCOFU then moved for summary judgment (Docket

---

[1]    Boudreau has since dismissed the indemnification claim, doing so after Poh's voluntary dismissal of all claims against defendants.

1

No. 37) on Poh's claims, and this Court issued a decision (Docket No. 44) granting in part and denying in part the summary judgment motion.

On January 29, 2007, plaintiff Poh, filed a Stipulation of Dismissal of his Complaint against the defendants, thereby leaving only Boudreau's cross-claims against MCOFU. (Docket No. 49).

Boudreau has moved for summary judgment, which MCOFU now opposes and files its own cross-motion for summary judgment, asking this Court to dismiss Boudreau's crossclaims, as there are no disputed facts, and MCOFU is entitled to judgment as a matter of law.

## II.   STATEMENT OF THE FACTS

1. Jerel Poh (hereinafter, "Poh" or "the plaintiff") has been employed by the Department of Corrections (hereinafter, "DOC") from November 1983 to the present as a Correction Officer. (Exhibit A, Plaintiff's Deposition Transcript, Vol. I., p. 13).

2. Poh was injured while restraining an inmate on or about July 31, 1995. (Id. at p. 19).

3. Poh suffered shoulder injury (Id.) and was placed on worker's compensation from July 31, 1995 through June of 2001. (Id. at p. 25).

4. Poh did not return to work until 2002 (Id. at p. 25).

5. In or on December 9, 2000, Poh nominated himself for the position of Legislative Representative for the MCOFU election to be held in March 2001. (Id. at p. 36).

6. MCOFU Special Election Committee reviewed the nominations for candidates for the March 2001 Executive Board elections in early January 2001. (Exhibit B,

Plaintiff's Answers to Interrogatory No. 10).

7. MCOFU Special Election Committee recommended to MCOFU Executive Board that sent their recommendations to the plaintiff be disqualified from his candidacy based on his injured-leave status. (Id.).

8. On or about January 8, 2001, Poh filed charges at the Massachusetts Commission Against Discrimination (hereinafter, "MCAD") alleging that MCOFU, by recommending the disqualification of his candidacy due to his industrial leave status, had discriminated against him based on the basis on handicap. (Exhibit C, Plaintiff's Charge of Discrimination).

9. On or about January, 2001, Poh received confirmation that his nomination for Legislative Representative had been accepted. (Exhibit B, #10).

10. Poh did not win the election for Legislative Representative in March 2001. (Id.)

11. On or about May, 2001, Poh informed the MCAD that he wished to withdraw his claim of discrimination against MCOFU as he had been allowed to run in the Marc 2001 Executive Board elections. (Exhibit D).

12. Co-defendant Boudreau filed judicial panel charges against Poh on April 24, 2001, alleging that Poh had violated the MCOFU Constitution and By-Laws through his activity on behalf of AFSCME to decertify MCOFU as the exclusive bargaining representative of MCOFU. (Exhibit B, #10).

13. Due to the evidence presented against Poh by Boudreau, the judicial panel ruled to expel Poh from membership in the Union. (Id.)

14. Poh filed suit against MCOFU and Boudreau (i.e., this instant action).

15. In 2002, Boudreau filed an action in Norfolk Superior Court (<u>Boudreau v. Peron, et al.</u>, Norfolk Superior Court Civil Action No. 2002-01666), against MCOFU and various union members relative to his being expelled from the union. Defendant MCOFU was successful in being discussed from that suit after filing summary judgment.

    (Affidavit of Attorney Kithredge, ¶¶ 3 and 4).

16. In addition, one Raymond Perry was also expelled by MCOFU for similar reasons, and he too filed suit against MCOFU and Boudreau before the Massachusetts Commission Against Discrimination, <u>Raymond Perry v. MCOFU and Paul Boudreau</u>, MCAD Docket No. 01-BEM0523, in which MCOFU and Boudreau were successful after a public hearing.    (Boudreau Affidavit, Page 10)

17. On February 27, 2001, the Executive Board of MCOFU passed the following motion:

    > That any current or former members of the Executive Board be afforded full Legal Representation, paid for by the union, in the event that a member
    > of the bargaining unit bring any legal action against them <u>while they were acting in their official capacity as a union official</u>.. . (emphasis added)
    > (Boudreau Exhibit C)

18, At an Executive Board meeting of April 18, 2001, the Board voted to accept the minutes of the meeting of February 27, 2001. (Boudreau Exhibit D)

## III.    <u>STANDARD OF REVIEW</u>

A motion for summary judgment will be granted when all the relevant pleadings, viewed in the light most favorable to the non-moving party, present no genuine issue of material fact

4

such that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); Aponte-Santiago v. Lopez-Rivera, 957 F.2d 40, 41 (1st Cir.1992);   Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990);  Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir.1990).

**IV.	ISSUE**

The issue for summary judgment is as follows: is Boudreau entitled to payment of his attorney's fees for his defense in the instant action, as well as in Raymond Perry v. MCOFU and Paul Boudreau, MCAD Docket No. 01-BEM0523?

For the reasons expressed below, MCOFU answers the question in the negative, and requests that Boudreau's Motion for Summary Judgment be denied, and that MCOFU's cross-motion for Summary Judgment be allowed.

**V.	ARGUMENT**

**A.	This Court Should Not Intervene in MCOFU's Internal Affairs**

There is a well established general policy against judicial interference in the internal affairs of a union.  Calholn v. Harvey, 379 U.S. 134, 140 (1964)**;** see also International Union of Elevator Constructors, AFL-CIO, Local No. 4 v. International Union of Elevator Constructors, AFL-CIO, 699 F.Supp. 7, 131 (D.Mass. 1988).  Consistent with that policy, unions must attempt an internal resolution of their disputes before seeking judicial relief.  Id. at Page 9.

As will be expressed below, plaintiff has not exhausted his administrative remedies, and respectfully, this Court should not interfere with MCOFU's internal affairs.

    **B.**    **Boudreau's claims for Breach of Contract and Breach of the Duty of Fair Representation Must Be Dismissed Because No Contract Exists and Because Boudreau Has Not Exhausted His Administrative Remedy**.

    **1.**    **Breach of Contract**

Boudreau's first count in his cross-claim is for breach of contract against MCOFU for failure to reimburse him for legal expenses incurred in defending the instant action and the *Perry* matter. In order for Boudreau to recover in a breach of contract, he must satisfy a burden to prove the existence of a contract between him and the defendant. In a contract action, the plaintiff has the burden of proof to show the following elements by a preponderance of the evidence: (1) an offer; (2) an acceptance; (3) consideration; (4) breach; and (5) damages. Carney v. New England Telephone & Telegraph, 353 Mass. 158, 164 (1967) (plaintiff's burden to show existence of a contract). Evidence of the offer and acceptance must include all essential terms and conditions with which the parties have agreed to be bound and reasonable detail and certainty. Kaufman v. Lennox, 265 Mass.487, (1929).

In the instant action, there is no breach of contract because there is no duty owed to Boudreau because he was not an employee of MCOFU. Plaintiff was not employed by MCOFU but simply a member of MCOFU. Moreover, there was never any offer made directly to the plaintiff by MCOFU, as the February 27, 2001 minutes of MCOFU's e-board meeting do not constitute an offer individually to the plaintiff. (Boudreau Exhibit C). Accordingly, plaintiff's breach of contract claim must be dismissed.

    **2.**    **Breach of Duty of Fair Representation.**

A union has a duty to represent its members fairly in connection with issues that arise

under a collective bargaining agreement.  National Association of Government Employees v. Labor Relations Commission, 38 Mass.App.Ct. 611 (1995).  The duty of fair representation requires unions to represent its employees and process their grievances in a manner which is not arbitrary, perfunctory, unlawfully motivated or a result of an inexcusable negligence.  Quincy City Employees v. H.L.P.E., 15 M.L.C. 1340, 1355 (1989); aff'd sub nom., Patterson v. Labor Relations Commission, 30 Mass.App. Ct. (1991), further review denied, 409 Mass. 1104 (1991).  A union's action is arbitrary if it is without a rational basis, unfair and unrelated to legitimate union interests.  Peterson v. Kennedy, 771 F.2d 1244, 1254 (1985), cert. denied 475 U.S. 1122 (1986).

In Massachusetts, the Labor Relations Commission has primary jurisdiction over labor disputes on the theory that a Court will not hear a case when the issue in litigation is within the special competence of an agency.  Leahy v. Local 1526, AFSCME, 399 Mass. 341 (1987).  By allowing the Commission to apply its expertise to the statutory scheme it is charged to enforce, courts preserve the integrity of the administrative law process while sparing the courts the burden of reviewing administrative proceedings in a piecemeal fashion.  See, Murphy v. Administrator of the Division of Personnel Administration, 377 Mass. 217 (1979).

In 2002, a Massachusetts Superior Court case involving a Town of Acushnet DPW worker's claim that the union breached its duty of fair representation, the Court ruled that the town was entitled to summary judgment since the employee failed first to file a charge of prohibitive practice before the Labor Relations Commission.  Brienzo v. Town of Acushnet, 2202 W.L. 1972138 (Mass. Super.), citing Johnston v. School Committee of Watertown, 404 Mass. 23 (1989); Lahey, 388 Mass. at 341.

It is undisputed that Boudreau never filed a grievance claim with the Labor Relations Commission for failure of the union to provide a duty of fair representation. Accordingly, this claim must be dismissed.

### C. Boudreau Was Not Acting in His Official Capacity as Executive Board Secretary When He Filed Judicial Charges Against Poh.

However, should this Court determine that, in fact, plaintiff survives the elemental and procedural irregularities of his two claims, the focus would turn to the February 27, 2001 Executive Board meeting (Exhibit C) in which plaintiff alleges that MCOFU approved reimbursement of attorney's fees for Executive Board officials sued in their capacity as an Executive Board member. However, a review of that analysis shows that plaintiff's allegation is flawed.

The language that Boudreau refers to in order to convince this Court that he should be awarded attorney's fees is found in the minutes of the Executive Board meeting of MCOFU on February 27, 2001. (Boudreau Exhibit C). At that meeting of the Executive Board, a motion was made that any current or former members of the Executive Board be afforded full legal representation – paid by for MCOFU – "in the event a member of the bargaining unit brings any Legal Action against them while they were acting in their official capacity as a Union Official . . . " (Id.) (emphasis added).

The problem with plaintiff's analysis is that he was not acting as a union official, despite plaintiff's title as Secretary of MCOFU when the plaintiff initiated judicial charges against Poh. Boudreau was simply acting as a MCOFU member in good standing who had a right to bring judicial charges against any member of MCOFU pursuant to Article 11 of MCOFU's Constitution and By-laws (Boudreau Exhibit B, page 6). The language in that section indicates

that:

> the Judicial Panel shall hear all charges brought forth by a member or members of the MCOFU.  Only members in good standing of the MCOFU may file charges . . . (Id.)

Tellingly, the plaintiff indicates that on April 24, 2001 "in my capacity as Executive Secretary of MCOFU's Executive Board and at the behest of the Executive Board, I filed charges with MCOFU's Judicial Panel against plaintiff Jerel Poh . . . " (Boudreau Affidavit, ¶ 8).  Yet, he offers no documented proof (i.e., meeting minutes, Executive Board order, etc.) that MCOFU's Executive Board requested/ordered Boudreau to file said judicial charges against Poh.  Indeed, the Executive Board meeting minutes of April 18, 2001 – which would have immediately preceded Boudreau's alleged actions of April 24, 2001 as the day he filed charges against Poh at the behest of the Executive Board – are completely devoid of any reference to Poh, much less any motion passed by the Executive Board ordering Boudreau to file judicial charges on behalf of MCOFU in Boudreau's position as Executive Secretary.  (Boudreau Exhibit D).

As the Constitution and By-laws of MCOFU describe, one of the duties of Boudreau as secretary to "keep a written record of the proceedings of all membership meetings and of all Executive Board meetings."  (Boudreau Exhibit A, Page 15).  Boudreau has offered nothing by way of any documentation to show that the Executive Board ordered or endorsed Boudreau as secretary to file any charges against Poh for one simple reason: there is no such document because the Executive Board never authorized Boudreau to file charges on their behalf, or suggested that he file charges as a "member in good standing of MCOFU.".

Finally, to the extent that Boudreau alleges in his Affidavit that MCOFU has paid the

9

legal fees and expenses associated with other Executive Board members who have been sued by the MCOFU membership (Boudreau Affidavit, ¶¶ 15, 16, 17), said allegations are irrelevant and untrue. As stated above, it is MCOFU and the Executive Board's position that Boudreau was acting as a member in good standing when he filed judicial charges against Poh, and that he was not acting with authority from the Executive Board to file charges against Poh on behalf of the Executive Board (Affidavit of Steven Kenneway). The fact that Boudreau happened to be MCOFU's Executive Secretary does not mean that all of his activities as a MCOFU member are done as Executive Secretary. Put another way, Boudreau cannot cloak himself under the authority of Executive Secretary acting for the Executive Board because he simply had that title when he brought the judicial charges against Poh.

Paragraph 17 of Boudreau's Affidavit is simply untrue. While Attorney Rich did, in fact, represent William Perron, in a criminal matter in which he was named a defendant concerning the destruction of property owned by Bristol County Sheriff Thomas Hodgson, Perron paid for Rich's legal services out of his own pocket. (See attached Affidavit of William Perron).

**IV.    CONCLUSION**

For all of the reasons expressed above, MCOFU moves this Honorable Court to deny plaintiff's Motion for Summary Judgment, and allow MCOFU's Cross-Motion for Summary Judgment, as there are no disputed material facts and MCOFU is entitled to judgment as a matter of law.

Defendants, by their attorneys,

/s/ Stephen C. Pfaff
Douglas I. Louison BBO# 545191

Stephen C. Pfaff BBO# 553057
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

**CERTIFICATE OF SERVICE**

I, Stephen C. Pfaff, hereby certify that on the 29th day of June, 2007, I served the foregoing by electronic filing and by causing a copy to be mailed, postage prepaid, directed to Richard A. Mulhearn, Esq., Law Offices of Richard A. Mulhearn, 41 Elm Street, Worcester, MA 01609; Joseph P. Kittredge, Esq., Rafanelli & Kittredge, P.C., One Keefe Road, Acton, MA 01720.

/s/ Stephen C. Pfaff
Stephen C. Pfaff